IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOWELL V. HOWIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 08-cv-1406 |
| | ) | |
| ALLEGHENY COUNTY, DAN ONORATO, | ) | |
| County Executive, ALLEGHENY COUNTY | ) | |
| JAIL, and RAMON C. RUSTIN, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

May 11, 2009

Presently before the Court is the MOTION TO DISMISS, with brief in support, filed by Defendants, and the RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION, filed by Plaintiff. For the reasons that follow, the Motion is granted in part and denied in part.

**Background**

Plaintiff, Nowell V. Howie, has brought this civil rights action against defendants Allegheny County; Dan Onorato, County Executive of Allegheny County; the Allegheny County Jail ("ACJ"), where plaintiff was previously housed; and Ramon C. Rustin, warden of the ACJ. According to the Complaint, on or about May 24, 2006, a bench warrant was issued for Plaintiff's arrest by the Court of Common Pleas of Allegheny County, which arose out of actions for child support pending in the Family Division of Allegheny County. On June 12, 2006, Plaintiff voluntarily turned himself in and was incarcerated at ACJ pending a hearing on the bench warrant.

Pennsylvania Rule of Civil Procedure 1910.13-1(d)(5) requires that a detained individual must receive a hearing before the court within seventy-two hours of the detention or the bench warrant will expire by operation of law. *See* Pa. R.C.P. 1910.13-1(d)(7). Plaintiff contends that he received no such hearing and as a result he was unlawfully incarcerated until October 6, 2006, four months after the bench warrant expired. As a result of this alleged unlawful detention, Plaintiff claims that his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution have been violated. Plaintiff also has brought claims under Pennsylvania common law for false imprisonment, negligence and gross negligence.

Defendants have filed the instant motion to dismiss. The matter has been fully briefed and is ready for ruling.

**Standard of Review**

The United States Supreme Court has recently held that a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the long-adhered to 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In assessing the sufficiency of the complaint, the Court must accept as true all allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Public Employees' Retirement System v. Chubb Corp.*, 394 F.3d 126,

143 (3d Cir. 2004). Nor must the court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The question is not whether the plaintiff will prevail in the end but, rather, is whether the plaintiff is entitled to offer evidence in support of his or her claims. *See Oatway v. American International Group, Inc.*, 325 F.3d 184, 187 (3d Cir. 2003).

**Discussion**

A.  Federal Claims Against the Allegheny County Jail

Section 1983 provides in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, the claims asserted against the ACJ are subject to dismissal because jail facilities are not "persons" for the purpose of § 1983 liability. *See Mitchell v. Chester County*

*Farms Prison,* 426 F. Supp. 271 (E.D. Pa. 1976). Accordingly, the claims against the ACJ will be dismissed.

B. <u>Federal Claims Brought Against Dan Onorato and Ramon Rustin</u>

Defendants argue that the Complaint fails to state a claim against Defendants Onorato and Rustin (the "Individual Defendants") because "the complaint is void of any averments of personal involvement as to" these individual defendants.

It is well settled that local government officials cannot be held liable under a theory of respondeat superior or vicarious liability. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990). *See Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). Rather, liability must be predicated on personal involvement in the alleged wrongdoing which may be demonstrated "through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

> Paragraph 19 of the Complaint specifically alleges the following:
>
> The deprivations and loss of freedom to which Plaintiff was subjected was consistent with the custom and institutionalized practice of the Defendant Jail which knowingly failed to provide for the protection of the rights of individuals in its custody and control <u>which was known and ratified by the Defendants County Executive, Warden</u> and the County and the Defendants at no time took any effective action to prevent, discourage or restrain the Defendant Jail and/or their agents, servants and/or employees from continuing to engage in such misconduct or neglect.

Complaint, at ¶ 19 (emphasis added).

While these allegations are very general, the Court finds and rules that Plaintiff has sufficiently alleged that the Individual Defendants not only had knowledge of, but acquiesced

in, the alleged unlawful practice of detaining individuals without the requisite due process hearing.

The Defendants next move for the dismissal of the Individual Defendants in their official capacities. They argue that suit under § 1983 against a municipal officer in his official capacity is in actuality a suit directed against the municipality that the officer represents. The Court agrees. An official-capacity suit is generally merely another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Such a suit is properly treated as a suit against the entity. *Id.* at 166. Thus, the federal claims against the Individual Defendants in their official capacities will be dismissed.[1]

C.  Federal Claims Brought Against Allegheny County

Defendants also argue that the claims against Allegheny County should be dismissed because "[t]he Complaint fails to adequately allege that any policy or custom of Allegheny County violates a constitutional right." Defs' Br. at 7.

As the United States Supreme Court instructed in *Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403-04 (1997):

---

[1] Paragraph 6 of the Complaint clearly reflects that Warden Rustin has been sued in his official capacity only. The Complaint is not so definitive about the capacity in which Dan Onorato has been sued. However, the Summons served upon Defendant Onorato refers to him simply as "Dan Onorato, Chief Executive, Allegheny County" and Plaintiff did not dispute Defendants argument that "it appears from the PACER that the Complaint only attempts to name these two [Rusin and Onorato] in their official capacity." Br. at 9. Accordingly, the Court is under the impression that the Individual Defendants have been sued only in their official capacities and, accordingly, the federal claims against both will be dismissed.

5

> Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. . . . Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

Liability based upon an unlawful custom will be found "where relevant policy makers within the municipal unit had notice or knowledge of a risk of deprivation of rights through a pattern of prior deprivations and acted with 'deliberate indifference' to the known risk." *Bastile v. Elizabethtown Area School District*, 61 F. Supp. 2d 392, 405-06 (E.D. Pa.1999) (*citing Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3d Cir.1996), *cert. denied,* 519 U.S. 1151 (1997).

As previously discussed, Plaintiff has alleged in his Complaint that the denial of the due process hearing within seventy-two hours of his arrest was "consistent with the custom and institutionalized practice" followed at the ACJ. Complaint, at ¶ 19. It therefore appears that Plaintiff has alleged facts which, if proven, would demonstrate the existence of a "custom" that was approved by County decision-makers who knowingly disregarded the fact that the "custom" was unlawful. As such, Plaintiff has sufficiently stated a claim against Allegheny County and Defendants' motion in this regard will be denied.

D.     <u>Pendent Claims For False Imprisonment, Negligence, and Gross Negligence</u>

Plaintiff has asserted state law tort claims for false imprisonment, negligence, and gross negligence. The Complaint specifically states that the Defendants were acting "within the scope of their agency and/or employment . . . ." Complaint, at ¶ 25. Defendants contend that

the state law claims are precluded by the Pennsylvania Political Subdivision Tort Claims Act (the "Act"). 42 Pa. Const. Stat. § 8541, *et seq*. Plaintiff agrees that the actions of Allegheny County and the ACJ do not fall within any of the enumerated exceptions to governmental immunity found in the Act. However, Plaintiff argues that the Individual Defendants are not immune from intentional torts. The Court agrees with Plaintiff.

However, the only intentional tort claim that Plaintiff alleges against the Individual Defendants is false imprisonment. It may well be that discovery will reveal that the alleged conduct of the Individual Defendants is not actionable. However, until such time, the Court finds and rules that Plaintiff may maintain his claim for false imprisonment against the Individual Defendants. Plaintiff's tort claims against the Individual Defendants for negligence and gross negligence will be dismissed.

## Conclusion

For the hereinabove reasons, the Motion to Dismiss will be granted in part and denied in part. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| NOWELL V. HOWIE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 08-cv-1406 |
| | ) | |
| ALLEGHENY COUNTY, DAN ONORATO, | ) | |
| County Executive, ALLEGHENY COUNTY | ) | |
| JAIL, and RAMON C. RUSTIN, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

AND NOW, this 11th day of May, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED** that the Motion to Dismiss filed by Defendants is **GRANTED IN PART AND DENIED IN PART** as follows:

(i) All claims brought against the Allegheny County Jail are dismissed with prejudice and the Allegheny County Jail is hereby dismissed from this lawsuit;

(ii) All federal claims brought against Dan Onorato, County Executive, and Ramon C. Rustin, Warden, are dismissed with prejudice as these claims were brought against the Individual Defendants only in their official capacities;

(iii) The pendent state claims for false imprisonment, negligence and gross negligence brought against Allegheny County and the Allegheny County Jail are dismissed with prejudice pursuant to the Pennsylvania Political Subdivision Tort Claims Act; and

(iv) The pendent state claims for negligence and gross negligence brought against Dan Onorato, County Executive, and Ramon C. Rusin, Warden, are dismissed with prejudice pursuant to the Pennsylvania Political Subdivision Tort Claims Act.

It is further **ORDERED** that the caption of this matter is amended as follows:

| | | |
|---|---|---|
| NOWELL V. HOWIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 08-cv-1406 |
| | ) | |
| ALLEGHENY COUNTY, DAN ONORATO, | ) | |
| County Executive, and RAMON C. RUSTIN, | ) | |
| Warden, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants shall answer the remaining counts of the Complaint on or before **May 26, 2009.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Alexander J. Jamiolkowski
Egan & Jamiolkowski
Email: ajamiolkowski@comcast.net

Craig E. Maravich
Email: cmaravich@county.allegheny.pa.us